CLD-288                                                     **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 16-1404
_____

MICHAEL WEST,
                                Appellant

v.

ADAM N. SUBERVI, U.S. Attorney
_____

On Appeal from the United States District Court
for the District of New Jersey
(D.N.J. No. 2-15-cv-07100)
District Judge: Honorable Claire C. Cecchi
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B) or
Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
June 16, 2016
Before: FISHER, JORDAN, and VANASKIE, Circuit Judges

(Filed: June 29, 2016)
_____

OPINION*
_____

PER CURIAM

        Pro se appellant Michael West appeals the District Court's dismissal of his habeas

petition filed pursuant to 28 U.S.C. § 2241.  Because the appeal fails to present a

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not
constitute binding precedent.

substantial question, we will summarily affirm the District Court's judgment. See 3d Cir. LAR 27.4 & I.O.P. 10.6.

West, a federal prisoner, is currently serving a 95 month sentence imposed by the United States District Court for the District of New Jersey for convictions of distributing child pornography in violation of 18 U.S.C. § 2252A(a)(2)(A), and possessing child pornography in violation of 18 U.S.C. § 2252A(a)(5)(B). West withdrew his direct appeal to this Court. In 2013, he filed a motion to vacate his sentence pursuant to 28 U.S.C. § 2255. In 2015, while that motion was still pending, West filed a duplicative § 2255 motion, which the District Court dismissed and refiled as an amended § 2255 motion in the initial proceeding. That motion remains pending.

West next filed the instant § 2241 petition challenging his convictions on double jeopardy and ineffective assistance of counsel grounds. The District Court dismissed the petition, and this appeal ensued.

We have jurisdiction pursuant to 28 U.S.C. § 1291. In reviewing the District Court's dismissal of the § 2241 petition, we exercise plenary review over its legal conclusions and review its factual findings for clear error. See Cradle v. United States ex rel. Miner, 290 F.3d 536, 538 (3d Cir. 2002) (per curiam).

The District Court properly concluded that the claims that West raised in his § 2241 petition constitute attacks on the validity of his conviction.[1] A motion to vacate

---

[1] In contrast, claims attacking the execution of a sentence are within the purview of § 2241. See McGee v. Martinez, 627 F.3d 933, 935 (3d Cir. 2010). To the extent West

2

sentence pursuant to § 2255 is the presumptive means for a federal prisoner to challenge the validity of a conviction or sentence. See Okereke v. United States, 307 F.3d 117, 120 (3d Cir. 2002). West may not pursue a collateral attack on his conviction by way of § 2241 unless he can show that "the remedy by [§ 2255] motion is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Under this "safety valve" provision, "[a] § 2255 motion is inadequate or ineffective only where the petitioner demonstrates that some limitation of scope or procedure would prevent a § 2255 proceeding from affording him a full hearing and adjudication" of his claims. Cradle, 290 F.3d at 538.

This is clearly not a situation in which West "had no earlier opportunity to challenge his conviction." In re Dorsainvil, 119 F.3d 245, 251 (3d Cir. 1997). The § 2255 motion is pending, and West makes no argument to suggest that his remedy in the sentencing court would be inadequate or ineffective.[2] Under these circumstances, the District Court properly dismissed the petition. Because the District Court lacked jurisdiction to grant West relief under § 2241, his request for bail under Fed. R. App. P. 23 must be denied. See Landano v. Rafferty, 970 F.2d 1230, 1239 (3d Cir. 1992) (bail pending disposition of habeas corpus review is available "only when the petitioner has raised substantial

---

seeks to raise such a claim for the first time on appeal, we decline to address it. See, e.g., Newark Morning Ledger Co. v. United States, 539 F.2d 929, 932 (3d Cir.1976) ("We generally refuse to consider issues that are raised for the first time on appeal."). This decision is without prejudice to any action West may wish to take in the District Court, such as presenting this type of claim in a § 2241 petition.
[2] Indeed, the District Court indicated that West could further amend his § 2255 motion to

constitutional claims upon which he has a high probability of success [. . .] or [has shown that] exceptional circumstances exist which make the grant of bail necessary to make the habeas remedy effective").

Accordingly, because no "substantial question" is presented as to the dismissal of the § 2241 petition, we will summarily affirm the judgment of the District Court. <u>See</u> 3d Cir. LAR 27.4; 3d Cir. I.O.P. 10.6. West's motion for bail is denied.

---

include the claims raised in the § 2241 petition.